# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADAM LERMA BARBOZA, | ) | 1:11-cv-01834-AWI--JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| MIKE MARTEL, | ) | ORDER REQUIRING THAT A RESPONSE |
| | ) | BE FILED WITHIN THIRTY DAYS |
| Respondent. | ) | |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 27, 2011.[1] (Doc. 1, p. 25). A preliminary review of the Petition, however, reveals that the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

petition may be untimely and should therefore be dismissed.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 27, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

running of the statute of limitation. Petitioner signed the instant petition on October 27, 2011. (Doc. 1, p. 6).

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on August 30, 1999, in the Merced County Superior Court and sentenced to an indeterminate term of 25-years-to-life. (Doc. 1, p. 1). Petitioner filed a petition for review in case no. S099207 that was denied by the California Supreme Court on August 22, 2001.[2] Thus, direct review would have concluded on November 20, 2001, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have had one year from the following day, November 21, 2001, or until November 20, 2002, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. Thus, using the typical "starting date" for the one-year period set forth in § 2244(d)(1)(A), i.e., the end of Petitioner's direct appeal, the petition

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. By accessing the California Courts' electronic database, the Court has confirmed that the Petition for Review from Petitioner's direct appeal was denied on August 22, 2001.

3

is untimely unless Petitioner is entitled to statutory or equitable tolling.

Petitioner, however, implicitly contends that the traditional starting date for the one-year period set out in 28 U.S.C. § 2244(d)(1)(A), is inapplicable, and that Petitioner could not have filed his petition prior to the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), or, alternatively, prior to the time when that decision was determined to be retroactively applicable to state prisoners in collateral proceedings in federal court. This contention, however, is incorrect. As discussed below, because Petitioner's conviction became final prior to the Supreme Court's earlier decision in Blakely v. Washington, 542 U.S. 296 (2004), Cunningham cannot be retroactively applied in his case. Moreover, under the Ninth Circuit's analysis, even if § 2244(d)(1)(D) were the operative provision to determine the starting point of the one-year period, it would have commenced with the announcement of Blakely, not with the announcement of Cunningham.

As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000). It is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance.") To "have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." Hasan, 254 F.3d at 1154. In order to claim the benefit of tolling in this

4

1 case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002);
2 Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5
3 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would
4 give rise to tolling).

5     Here, no later than taking of Petitioner's guilty plea and subsequent sentence in 1999,
6 Petitioner was aware that the trial judge was sentencing him to an enhanced sentence based upon
7 considerations that had not been found true by a jury.  That Petitioner, due to his lack of legal
8 training, may not have appreciated the legal significance of these facts vis-a-vis a federal habeas
9 claim, does not alter the fact that he was aware of the *factual basis* for his claim no later than the date
10 he was convicted in the Superior Court.  Accordingly, even under subsection (d)(1)(D), the one-year
11 period would have commenced and expired within a year of that date.

12     Even were that not true, however, Cunningham cannot be retroactively applied to this case.
13 In Cunningham, the U.S. Supreme Court found California's determinate sentencing law
14 unconstitutional because it permitted trial court's to sentence defendants to the upper term based on
15 facts that had not been proven to a jury beyond a reasonable doubt.  Under Petitioner's reading of
16 § 2244(d)(1)(D), the one year limitations period begins when a prisoner actually understands what
17 legal theories are available to him.  However, as mentioned previously, such an interpretation is
18 incorrect.  According to the wording of the statute, the one year time limit commences on the date
19 the "factual predicate of the claim or claims presented could have been discovered through the
20 exercise of due diligence," not when it was <u>actually</u> discovered by the petitioner.  In addition, the
21 trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not*
22 the recognition of the legal significance of the factual predicate.  Stated differently, the time begins
23 when the prisoner knows, or through diligence could discover, the salient facts, not when he
24 recognizes the legal significance of those facts.

25     In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the
26 aggravated sentence was based in whole upon facts not found by a jury beyond a reasonable doubt.
27 Thus, the United States Supreme Court's decision in Cunningham some eight years after Petitioner
28 was sentenced did not provide Petitioner with the "factual predicate" for his claim of an

1   unconstitutional sentence.  Cunningham merely provided additional context for the legal significance
2   of those facts.  As such, the one-year limitation period commenced from the "normal" date, i.e., the
3   conclusion of direct review in 2001, not the date Cunningham was decided.
4          Moreover, even were the petition timely, Cunningham is inapplicable to Petitioner's case
5   since his conviction became final prior to Blakely v. Washington, 542 U.S. 296 (2004).  In Butler v.
6   Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit explained that because the Cunningham
7   decision was compelled by the Supreme Court's prior decision in Blakely v. Washington, 542 U.S.
8   296 (2004), the decision as to whether a district court can address a habeas petition contending that
9   the petitioner's constitutional rights were violated rests, as a threshold matter, on whether or not his
10  conviction became final before Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane, 489
11  U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306.   No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

16  Butler, supra, at 639. (Emphasis supplied).  As Petitioner has recognized, Blakely is the case on
17  which retroactivity depends because Blakely is not retroactively applied.  Schardt v. Payne, 414 F.3d
18  1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot be applied retroactively for cases
19  which were final prior to Blakely.  Petitioner's conviction became final on November 20, 2001.
20  Blakely was not decided until June 24, 2004.  Thus, even if Petitioner could avoid the statute of
21  limitation problem that is fatal to his petition, Cunningham would not, under Teague, apply
22  retroactively to his sentence in any event.
23         Petitioner cites In re Gomez, 45 Cal. 4th 650 (Cal. 2009), and In re Watson, 104 Cal. Rptr. 3d
24  403, in support of his contention that Cunningham is applicable to his case.  (Doc. 1, p. 9).
25  Petitioner's reliance on these cases, however, is misplaced.  In Gomez, the California Supreme Court
26  held that Cunningham was retroactively applicable to defendants whose convictions were not final at
27  the time of the decision in Blakely.  Id. at 660.  Since this holding is entirely consistent with the
28  Ninth Circuit's holding in Butler, it does nothing to advance Petitioner's cause.  Subsequently, in

6

1  Watson, the California Court of Appeal, Fourth Appellate District, Division 1, held that Cunningham
2  retroactivity should be extended from Blakely back to the time that Apprendi was announced.
3  However, Watson was later officially de-published and is no longer good law in California.  See
4  Walker v. Martin, __U.S.__, 131 S.Ct. 1120, 1129 (2011), fn. 6.  Thus, it provides no assistance to
5  Petitioner.[3]

6       As mentioned, the instant petition was filed on October 27, 2011, approximately nine years
7  after the date the one-year period expired in 2002.  Thus, unless Petitioner is entitled to either
8  statutory or equitable tolling, the instant petition is untimely and should be dismissed.

9       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10      Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
11 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
12 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
13 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
14 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
15 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
16 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
17 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
18 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations
19 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
20 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
21 (9th Cir. 1999).

22      Nevertheless, there are circumstances and periods of time when no statutory tolling is
23 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
24 appeal and the filing of an application for post-conviction or other collateral review in state court,
25 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;
26 Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

27
28     [3]Even had Watson not been de-published, it would still apply only to state prisoners proceeding in state court.  A California court's ruling on the retroactivity of a United States Supreme Court decision would not bind this Court.  Rather, this Court would continue to be bound by the Ninth Circuit's holding in Butler.

7

allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, although Petitioner alleges that he filed state habeas petitions at each level of state court, he has provided scant information about those petitions. By accessing the California Courts' electronic database, the Court has determined that Petitioner filed the following petitions in the state appellate courts: (1) filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on August 14, 2002, and denied on August 21, 2002; (2) filed in the 5th DCA on February 15, 2006, and denied on June 16, 2006; (3) filed in the 5th DCA on December 14, 2010, and denied on March 18, 2011; (4) filed in the California Supreme Court on September 26, 2002, and denied on February 19, 2003; and (5) filed in the California Supreme Court on April 14, 2011, and denied on September 14, 2011.

The Court has no information on any filings in the superior court, nor the exact nature of the claims raised in the appellate court petitions in 2002, 2003, and 2006, or whether they relate in any way to the claims raised in these proceedings. However, giving Petitioner the benefit of every doubt, and assuming, for the purposes of this Order to Show Cause only, that Petitioner's first two state petitions were "properly filed" within the meaning of the AEDPA, the one-year period would have been tolled as of the filing of the first petition on August 14, 2002, and would not have resumed until his second petition was denied by the California Supreme Court on February 19, 2003. As of August 14, 2002, 273 days had already expired on Petitioner's one-year period, leaving only 92 days remaining. The one-year period re-commenced on February 20, 2003, and expired 92 days later, i.e.,

1 | on May 23, 2003.

2 | The remaining habeas petitions would not be entitled to statutory tolling because they were all filed after the one-year period had expired in 2003. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Thus, unless Petitioner is entitled to equitable tolling, the petition appears to be untimely and should be dismissed.

D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. In his response to this Order to Show Cause, if Petitioner has any grounds not already expressed in his petition that would

9

justify equitable tolling, i.e., circumstances beyond Petitioner's control that precluded him from timely filing his petition prior to the expiration of the one-year period in 2003, he should inform the Court of those grounds in his response. Also, if Petitioner has additional information about any other state petitions he has filed that would be entitled to statutory tolling, he should include that information in his response to the Order to Show Cause.

Absent compelling evidence from Petitioner in his response of his entitlement to some combination of statutory and/or equitable tolling sufficient to account for the entire period from the expiration of the one-year period to the filing of the instant petition, the Court will have no alternative but to recommend that the petition be dismissed as untimely.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 21, 2011**                                     **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE